UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL SIMMONS and DESHIA
WERNER, individually and on behalf
of all others similarly situated,

Civil Action No.: 4:15-437

    Plaintiffs,

v.

#1A LIFESAFER, INC.,

    Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Daniel Simmons and Deshia Werner, by and through their undersigned attorneys, hereby bring this Collective Action Complaint against Defendant #1A LifeSafer, Inc., ("Defendant LifeSafer"), and allege as follows:

### I. NATURE OF THE CASE

1. This is a collective action complaint under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, arising out of Defendant LifeSafer's failure to pay its Installation Technicians ("Technicians") for all the hours they work, including overtime.

2. Defendant LifeSafer is engaged in the manufacture, installation, and distribution of automobile ignition interlock devices ("devices"), which prevent an individual who is intoxicated from operating a motor vehicle. Defendant LifeSafer employs hundreds of Technicians across the United States, including in the Northern District of Florida. The Technicians work in "service centers," where they install devices in customers' vehicles and

1

perform repairs on previously installed devices. There are nearly 1,000 service centers across the country.

3. The Technicians regularly work in excess of 40 hours per week. Unfortunately, however, much of this work is performed off-the-clock. In addition, Defendant LifeSafer knows or has reason to know that the Technicians are not being fully compensated for their time.

4. Before the service centers open for business and the customers arrive, the Technicians are responsible for opening the centers and preparing the equipment. They must also remain at the service centers after closing to finish installations and teach customers how to use the equipment. In addition, the Technicians perform "mobile installation runs," which are installations away from their service centers, at the customer's convenience. Defendant LifeSafer also requires and/or suffers and permits the Technicians to remain "on call" for discrete 48-hour periods, during which they field calls from customers at all hours of the day and night.

5. Before 2013, Defendant LifeSafer used a rote, paper-based timekeeping system. It also instructed the Technicians to ensure that the timesheets did not show hours before 8:00 AM or hours after 5:00 PM. If Technicians recorded hours before 8:00 AM or after 5:00 PM, Defendant LifeSafer required them to retroactively "correct" their timesheets to reflect only hours within the 8:00 AM to 5:00 PM period. As a result, the Technicians performed their opening and closing work at the service centers off-the-clock. They also performed their mobile installation runs and on-call work, including all calls received from customers on company-issued phones, off-the-clock. In fact, the entire system was structured to prevent the employees from accurately and contemporaneously tracking their actual work time. Instead, Defendant

LifeSafer simply paid the workers for the time allotted to the service center hours of operation, resulting in rampant off-the-clock work and overtime violations. Defendant LifeSafer knew and/or had reason to know of these practices and violations.

6. In 2013, Defendant LifeSafer finally transitioned to an electronic timekeeping system. Under the electronic time keeping system, the Technicians still perform off-the-clock work at the service centers in the morning before the timekeeping system fully boots up. In addition, the Technicians are still not fully compensated for their mobile installation runs and on-call work because they are not in physical proximity to the timekeeping system when beginning and ending these tasks, and Defendant LifeSafer has not provided or authorized another reliable means for allowing the Technicians to track or report their unpaid hours. Again, Defendant LifeSafer knows and/or has reason to know of these violations and practices and that they constitute a continuing violation.

7. Plaintiffs Daniel Simmons and Deshia Werner (formerly Leveque) worked as Technicians for Defendant LifeSafer in Tallahassee and Gainesville, Florida, between approximately September 2009 and June 2014, and January 2008 and May 2014, respectively. Plaintiffs bring their claims on their own behalf and on behalf of other employees similarly situated who may give their consent in writing to become a party plaintiff under 29 U.S.C. § 216(b). Plaintiffs also seek unpaid wages, including overtime, incurred at any time beginning three years before the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling. Plaintiffs also seek liquidated and/or other damages as permitted by applicable law; interest; attorneys' fees and costs.

8. Attached as Exhibit A to this Complaint are executed consent to join forms of four individual party-plaintiffs, including Mr. Simmons and Ms. Werner. Pursuant to a previous

stipulation and order from the Northern District of California, the statute of limitations for the claims pertaining to these individuals was tolled from the dates their consent to join forms were initially filed in the Northern District of California until September 1, 2015. *See* Exhibit B, at ¶ 6.

## II.   JURISDICTION AND VENUE

9. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant LifeSafer conducts substantial business in this District and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District.

## III.   PARTIES

11. Plaintiff Daniel Simmons is a resident of Tallahassee, Florida, in Leon County. Plaintiff worked as a Technician for Defendant LifeSafer between approximately September 2009 and June 2014. Defendant LifeSafer employed Mr. Simmons as a Technician and Mr. Simmons held the same job position since he began working for Defendant LifeSafer in September of 2009. Defendant LifeSafer terminated Mr. Simmons' employment in June of 2014. Plaintiff estimates he regularly worked in excess of 50 hours a week without overtime compensation.

12. Plaintiff Deshia Werner (formerly Leveque) is a resident of Gainesville, Florida, in Alachua County. Plaintiff worked as a Technician for Defendant LifeSafer between approximately January 2008 and May 2014. Defendant LifeSafer employed Ms. Werner as a Technician and Ms. Werner held this same job position since she began working for Defendant LifeSafer in January 2008. Defendant LifeSafer terminated Ms. Werner's employment in May

of 2014. Plaintiff estimates she regularly worked in excess of 50 hours a week without overtime compensation.

13. The proposed FLSA Collective as set forth below consists of current and former Technicians of Defendant LifeSafer across the United States at any time beginning three years before the filing of this Complaint and/or the filing of consents to become party plaintiffs, plus additional time for periods of equitable tolling.

14. Defendant LifeSafer (#1A LifeSafer, Inc.) is a Kentucky Corporation with its principal place of business located at 4290 Glendale Milford Rd., Cincinnati, OH 45242-3704. Defendant LifeSafer (#1A LifeSafer, Inc.) is a manufacturer of ignition interlock devices and a provider of installation and customer training services related to ignition interlock devices. Its website boasts that it produces the "most widely used interlock device in the U.S." and has "more than 900 installation locations offering convenience and local knowledge."

15. Defendant LifeSafer has various places of business throughout Florida.

### IV. FACTUAL ALLEGATIONS

16. During the relevant time period of this action, Defendant LifeSafer has employed, and continues to employ, Plaintiffs and other similarly situated individuals to provide ignition interlock device installation, repair, technical support, and related services. The Technicians' job duties include daily opening of the service centers, diagnosing technical problems with ignition interlock devices, performing installations and/or repairs of previously installed ignition interlock devices, providing around-the-clock "on call" assistance to customers dealing with technical problems, going on "mobile runs" to install and/or repair ignition interlock devices at locations other than the service centers, and daily closing of the service centers.

17. Plaintiffs and other similarly situated individuals work in the device installation and maintenance area of Defendant LifeSafer's operation. This section of Defendant LifeSafer's business provides installation, maintenance, and related services through Defendant LifeSafer's "more than 900 installation locations offering convenience and local knowledge."

5

18. Defendant LifeSafer routinely suffers and/or permits its Technicians to work over 40 hours in a week.

19. The Technicians' hours vary according to the amount of customer appointments in a day and the number of customers seeking mobile installation services. However, the Technicians routinely and regularly work more than 40 hours in a week.

20. The Technicians' schedules are often so packed with installations beginning at 8:00 AM that they regularly have to begin preparing for the day's work as much as an hour before the actual installations. This includes such tasks as opening up the service center (unlocking the doors, booting up the computer systems, cleaning the space, printing out informational pamphlets for customers, among other tasks), and preparing to perform the steady stream of installations efficiently (meeting with other Technicians to divide the work, readying installation equipment, and determining when to take a lunch break). Defendant LifeSafer has known and/or has had reason to know that the Technicians regularly perform this work.

21. Defendant LifeSafer also requires and/or suffers and permits Technicians to remain at the service centers past 5:00 PM to finish installations if there were customers waiting. In addition, the practical necessity inherent in device installation (*i.e.* vehicles will not start if customers are unable to activate the devices) often require technicians to work past 5:00 PM to train customers to operate the devices so that the customers can physically leave the site. Defendant LifeSafer has known and/or has had reason to know that the Technicians regularly perform this work.

22. Before 2013, Defendant LifeSafer used a rote, paper-based timekeeping system, instructed Technicians not to clock in before 8:00 AM, and instructed Technicians to clock out by 5:00 PM, even though the Technicians routinely started working before 8:00 AM and continued working after 5:00 PM. Defendant LifeSafer knew and/or had reason to know that the Technicians regularly performed work before and after these hours, as described above, while off-the-clock.

23. The Technicians also perform "mobile installation runs," which are installations away from their service center at the customer's convenience. Defendant LifeSafer has known and/or has had reason to know that the Technicians regularly have performed this work while off-the-clock as well.

24. Defendant LifeSafer also has required Technicians to be "on call" and ready to respond to customers seeking technical assistance around the clock, seven days a week. Defendant LifeSafer has instructed Technicians that their job responsibilities include responding to such calls promptly, even when customers called outside of normal business hours. Defendant LifeSafer has not compensated the Technicians for this on call time. Before 2013, Defendant LifeSafer did not compensate the Technicians for the time spent responding to customer calls during the on-call time. Defendant LifeSafer knew and/or had reason to know that the Technicians were regularly on call without pay and regularly fielded customer calls while off-the-clock.

25. In 2013, Defendant LifeSafer transitioned to an electronic timekeeping system. This ameliorated some, but not all, of the wage and hour violations described above. Since 2013, the Technicians have clocked in and out of the timekeeping system by logging onto computers at the service centers, and Defendant LifeSafer has compensated the Technicians on an hourly basis for those hours recorded in the electronic timekeeping system.

26. Even after the transition to electronic timekeeping, however, Defendant LifeSafer still suffers and permits its Technicians to perform work off-the-clock. First, the Technicians still physically open the service center locations for business each day, which requires unlocking the doors, cleaning the facilities, preparing installation equipment, and booting up the computers. The Technicians cannot sign into the electronic time-keeping system until the computers are booted up. Yet, booting up the computers alone takes approximately 10 minutes. The work performed during this period is off-the-clock and the Technicians are not paid at all for this time. Defendant LifeSafer knows or has reason to know of this regular off-the-clock work.

27. Second, the Technicians often receive calls from customers seeking mobile installation services after the Technicians have clocked out of the timekeeping system and have left the service centers. Even though the Technicians' working hours are not being recorded after they clock out, Defendant LifeSafer nevertheless requires the Technicians to respond promptly to such calls. However, the Technicians do not have an opportunity to clock-in before performing this work because the timekeeping systems are located at the service centers and Defendant LifeSafer does not provide the Technicians with an adequate procedure for adding the time retroactively after the work is performed. Defendant LifeSafer knows or has reason to know of this regular off-the-clock work.

28. Third, Defendant LifeSafer still requires Technicians to be on call on a rotational basis for discrete 48-hour periods, during which they must respond promptly to calls from customers experiencing technical difficulties. Defendant LifeSafer now compensates Technicians at a modest piece rate per call, but does not allow the Technicians to include time spent on a call in their weekly hours worked for calculation of overtime compensation. Defendant LifeSafer knows or has reason to know of these wage deficiencies.

29. Defendant LifeSafer does not provide Technicians with a means to accurately record hours worked off-the-clock, nor a reasonable opportunity to retroactively and accurately log hours to account for this off-the-clock work that was previously unrecorded.

## V.   COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring all counts as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collective of similarly situated employees defined as:

> All individuals who have worked as Installation Technicians for Defendant LifeSafer in the United States at any time beginning three years before the filing of their consents to become party plaintiffs, plus additional time for periods of equitable tolling. (The "Collective.")

31. Plaintiffs, individually, and on behalf of other similarly situated employees defined above, seek relief on a collective basis challenging Defendant LifeSafer's policy and

practice of suffering and permitting Technicians to work hours in excess of 40 per week, without paying them for all the hours they work, including overtime premium compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant LifeSafer, and potential opt-ins may be easily and quickly notified of the pendency of this action.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* FAILURE TO PAY OVERTIME WAGES

32.     Plaintiffs re-allege and incorporate by reference the paragraphs above as though fully set forth herein.

33.     The FLSA requires that employers whose employees are engaged in commerce, engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce pay employees overtime wages at one and one-half their regular rate for hours worked in excess of 40 hours during a workweek.  29 U.S.C. § 207.

34.     Defendant LifeSafer's employees, including the Technicians, are engaged in commerce and the production of goods for commerce.  Defendant LifeSafer is an enterprise engaged in commerce and the production of goods for commerce.

35.     Defendant LifeSafer violated the FLSA by failing to pay Technicians for all time worked, including overtime pay, because Defendant LifeSafer required its Technicians to perform work without being compensated, and Technicians regularly work in excess of 40 hours per week.

36.     Plaintiffs and all similarly situated employees are victims of a uniform and company-wide compensation policy that systematically denies Technicians their statutorily mandated overtime premium pay.  The policy includes the failure to implement adequate methods for tracking actual time worked and the failure to maintain accurate and complete time

records. This policy, in violation of the FLSA, has been applied to the Technicians employed by Defendant LifeSafer throughout the United States.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant LifeSafer knew or showed reckless disregard for whether their conduct was prohibited by the FLSA. Therefore, Plaintiffs and all similarly situated employees are entitled to all damages owed for the limitations period beginning three years preceding the filing of this Complaint, plus periods of equitable tolling.

38. Plaintiffs and other similarly situated employees are entitled to recover an award in the amount of their unpaid overtime compensation and for all straight time compensation at the employees' regular rate of pay for non-overtime hours worked during weeks where the employees worked more than 40 hours in a workweek.

39. Plaintiffs and other similarly situated employees are entitled to recover an additional award of liquidated damages in an amount equal to the amount of unpaid overtime pay, and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

40. Employers subject to the FLSA must "make, keep, and preserve" accurate records of all hours worked and the wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). It is unlawful for any person to violate § 211(c). 29 U.S.C. § 215(a)(5).

41. 29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

42. Defendant LifeSafer has failed to maintain records accurately, as required by the aforementioned statutes and regulations, and failed to furnish the Technicians with statements accurately showing the wages they earned during the relevant time period.

43. Where an employer's records are inaccurate or inadequate, employees need only produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference in order to prove they were improperly compensated. *Anderson v. Mt.*

*Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). If an employer is unable to rebut the reasonableness of this inference, the court may award damages to the employee, even if the result "be only approximate." *Id.*

44. The Technicians are entitled to their unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. 29 U.S.C. § 216(b).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Collective they seek to represent in this action, request the following relief:

a) For an order certifying that this case be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

b) A finding that Defendant Lifesafer's violation of the FLSA was willful and imposing a three-year statute of limitations period;

c) An award of unpaid wages, including overtime compensation;

d) An award in the amount equal to unpaid wages, including overtime compensation, as liquidated damages;

e) An award of pre-judgment interest if liquidated damages are not awarded;

f) An award of reasonable attorneys' fees and costs; and

g) For such other and further relief as this Court deems just and proper.

Dated: September 8, 2015                    Respectfully submitted,


/s/ Sam J. Smith
Sam J. Smith
Florida Bar No. 818593
BURR & SMITH, LLP
111 2nd Ave. NE, Suite 1100
St. Petersburg, FL 33701
Telephone: (813) 253-2010
ssmith@burrandsmithlaw.com


Joshua Konecky, SBN 182897
Nathan Piller, SBN 300569
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
jkonecky@schneiderwallace.com
npiller@schneiderwallace.com
*pro hac vice* applications to be submitted

**Attorneys for Plaintiffs**

1