UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DANIEL SIMMONS and DESHIA
WERNER, individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.

#1A LIFESAFER DISTRIBUTION, INC.,

        Defendant.
_____/

Case No.: 4:15-cv-00437-MW-CAS

## SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS

This Settlement Agreement and Release of FLSA Claims ("Agreement") is made by and between Daniel Simmons, Deshia Werner and Bryon Schaefer ("Plaintiffs") and #1A LifeSafer Distribution, Inc., ("Defendant").

WHEREAS, Plaintiffs, through the above-styled case, alleged that unpaid overtime compensation was due to Plaintiffs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA");

WHEREAS, Defendant denies any violation of the FLSA as it regards Plaintiffs, and, in fact, asserts that it has at all times complied with the FLSA in compensating Plaintiffs; and

WHEREAS, Plaintiffs and Defendant wish to avoid further litigation and settle and resolve the controversy between them as it relates to the FLSA amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby



STIPULATED AND AGREED by and between the undersigned parties that Plaintiffs' FLSA claims in the above-entitled matter are hereby resolved as follows:

1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **ACKNOWLEDGMENTS**. Plaintiffs acknowledge that the settlement reached herein is a fair and reasonable settlement of Plaintiffs' FLSA claims against Defendant.

3. **RELEASE OF FLSA CLAIMS**.

   a. This Agreement shall constitute a waiver and release of all claims Plaintiffs have or might have under the FLSA against Defendant.

   b. The parties shall file a Joint Motion for Approval of Settlement and Dismissal of Action With Prejudice with the Court.

   c. Plaintiffs hereby knowingly and voluntarily release Defendant; its parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers; and its past and present directors, officers, managers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees"); of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiffs have or might have as of the date of execution of this Agreement. This release does not include the waiver of claims by Plaintiffs of any claims other than their FLSA claims.

4. **CONSIDERATION**.

   a. If: (1) Plaintiffs execute this Agreement; and (2) the Court approves this Agreement and dismisses this action with prejudice, then, in consideration of the matters set forth herein, Defendant (or its designee) shall pay to Plaintiffs the total sum of

2

FIFTY-NINE THOUSAND SIX HUNDRED DOLLARS AND ZERO CENTS ($59,600.00) (hereinafter the "Settlement Sum"), less applicable deductions as described below, within fifteen (15) days of the Order approving the Joint Motion for Approval of Settlement. Such Settlement Sum shall be allocated as follows:

- $3,375.00, made payable to DANIEL SIMMONS, as and for overtime compensation allegedly due to DANIEL SIMMONS pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue DANIEL SIMMONS;

- $3,375.00, made payable to DANIEL SIMMONS, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to DANIEL SIMMONS;

- $3,375.00, made payable to DESHIA WERNER, as and for overtime compensation allegedly due to DESHIA WERNER pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue to DESHIA WERNER;

- $3,375.00, made payable to DESHIA WERNER, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to DESHIA WERNER;

- $1,250.00, made payable to BRYON SCHAEFER, as and for overtime compensation allegedly due to BRYON SCHAEFER pursuant to the FLSA, which amount shall be subject to deductions or withholding and for which an IRS Form W-2 shall issue BRYON SCHAEFER;

- $1,250.00, made payable to BRYON SCHAEFER, as and for liquidated damages, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to BRYON SCHAEFER;

- $43,600.00, made payable to Schneider Wallace Cottrell Konecky Wotkyns, LLP, as payment of attorneys' fees incurred in connection with Plaintiffs' claims under the FLSA, and for which separate IRS Forms 1099 shall issue to Plaintiffs and Schneider Wallace Cottrell Konecky Wotkyns, LLP. *See Commissioner of Internal Revenue v. Banks* and *Commissioner of Internal Revenue v. Banaitis*, 543 U.S. 426 (2005) and U.S. Treasury Regulation 1.6045-5.

    a.    Plaintiffs understand and acknowledge that Plaintiffs would not receive the payments specified in this paragraph except for Plaintiffs' execution of this

3

Agreement, including the Release of FLSA Claims contained herein, and Plaintiffs' fulfillment of the promises contained herein.

        b.     Defendant makes no representation as to the taxability of the amounts paid to Plaintiffs. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiffs agree to indemnify Releasees and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiffs or Plaintiffs' attorneys under the terms of this Agreement.

    5.    **AFFIRMATIONS**.

        a.     Plaintiffs affirm that, upon payment of the amounts set forth herein, Plaintiffs will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation, and attorney's fees and costs in connection with Plaintiffs' claims for overtime compensation under the FLSA.

        b.     Plaintiffs affirm that, as of the date Plaintiffs sign this Agreement, Plaintiffs are not Medicare eligible (*i.e.*, are not 65 years of age or older; are not suffering from end stage renal failure; and have not received Social Security Disability Insurance benefits for 24 months or longer). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiffs under this Agreement, Plaintiffs agree to indemnify, defend, and hold Releasees harmless from any action by CMS relating to medical expenses of Plaintiffs. Plaintiffs agree to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Plaintiffs are required to indemnify Releasees

4

under this paragraph. Further, Plaintiffs agree to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

6. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees. This Agreement represents the compromise of disputed and contingent claims.

7. **OPPORTUNITY TO REVIEW.** Plaintiffs acknowledge that Plaintiffs are aware that they are giving up all FLSA claims they may have against the Releasees. Plaintiffs acknowledge that Plaintiffs have been advised in writing to consult with an attorney and have had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiffs acknowledge that Plaintiffs have consulted with their counsel-of-record, Schneider Wallace Cottrell Konecky Wotkyns, LLP and/or Burr Smith LLP, prior to executing this Agreement. Plaintiffs sign this Agreement voluntarily.

8. **WAIVER OF JURY TRIAL. Upon full execution of this Agreement, Court approval of this Agreement, and payment of the Settlement Sum, Plaintiffs and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to the FLSA claims asserted in the above-referenced case.**

9. **SEVERABILITY.** Should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect with respect to Plaintiffs' FLSA claims.

10. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court for the Northern District of Florida, Tallahassee Division.

11. **ENTIRE AGREEMENT AS TO FLSA CLAIMS.** This Agreement sets forth the entire agreement between Plaintiffs and Defendant as to settlement of the FLSA claims. Plaintiffs acknowledge Plaintiffs have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with Plaintiffs' decision to sign this Agreement, except those set forth in this Agreement.

12. **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

13. **MULTIPLE ORIGINALS**. This Agreement may be executed by facsimile and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

14. **THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: 6/26/, 2016        DANIEL SIMMONS

Dated: _____, 2016   DESHIA WERNER

Dated: _____, 2016   BRYON SCHAEFER

Dated: 7/6, 2016           #1A LIFESAFER DISTRIBUTION, INC.

                           By: _____
                           Its: CEO

4843-1850-1937, v. 1

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _____, 2016     DANIEL SIMMONS

Dated: July / 11 /, 2016       DESHIA WERNER
                               [signature]

Dated: _____, 2016     BRYON SCHAEFER

Dated: 7/6, 2016              #1A LIFESAFER DISTRIBUTION, INC.
                              By: Q. Karl Ow [signature]
                              Its: CEO

4843-1850-1937, v. 1

7

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFFS HAVE OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: _____, 2016    DANIEL SIMMONS

Dated: _____, 2016    DESHIA WERNER

Dated: June 30, 2016    BRYON SCHAEFER
                       *[signature: Bryon Schaefer]*

Dated: 7/6, 2016    #1A LIFESAFER DISTRIBUTION, INC.

By: *[signature]*
Its: CEO

4843-1850-1937, v. 1

7